RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

CCA NO.  PD-        -15
COA NO.  05-13-01199-CR

PETER PHUC HONG TRAN        §    IN THE COURT OF
                           §
VS.                        §    CRIMINAL APPEALS OF TEXAS
                           §
THE STATE OF TEXAS         §    AT AUSTIN, TEXAS

**APPELLANT'S PRO SE MOTION FOR EXTENSION OF TIME TO FILE HIS PDR AND
MOTION TO SUSPEND RULE 9.3(b)(1) AND RULE 68.4(i) IN ORDER TO FILE
ONLY THE ONE ORIGINAL OF THE PRO SE PDR WITHOUT A COPY OF THE COA OPINION**

TO THE HONORBALE JUDGES OF THIS COURT:

Appellant, Peter Phuc Hong Tran's, Petition for Discretionary Review ("PDR") is due Deptember 11, 2015. Nevertheless, Appellant has until atleast September 26, 2015 to request an extension of time to file his PDR. See, Tex. R. App. Proc., Rule 68.2(c). Appellant request an extension of 90 days, or until December 11, 2015 to prepare and file his PRO SE PDR. Appellant also ask this Court to allow him to file only the one original of his PRO SE PDR and to file the PDR without a copy of the opinion from the court of appeals ("COA"). See, Tex. R. App. Proc., Rule 2.

FILED IN
COURT OF CRIMINAL APPEAL
SEP 18 2015
Abel Acosta, Clerk

The 5th District Court of Appeals issued its Opinion in this case on August 11, 2015. The COA case number was 05-13-01199-CR and styled <u>Peter Phuc Hong Tran v. The State of Texas</u>. This case is an appeal from Cause No. 296-81478-2012 out of the 296th District Court of Collin County, Texas. NO motions for rehearing were filed in the COA.

Appellant is now indigent and incarcerated, having to proceed PRO SE because he can not afford to hire an attorney to prepapre and file a PDR on his behalf. Being in prison, TDCJ limits Appellant's access to the Law Library, to computers, and to copy machines. Appellant is only allowed 10 hours a week of access to the Law Library. This is not much time for a lay appellant to learn

1

the law.  Especially when TDCJ only permits access to three (3) "new" court opinions a day that must be downloaded and printed out by staff from a computer system.  Moreover, Appelant has no abilty to type his PRO SE PDR on a computer nor to make any photo copies of his PRO SE PDR or the COA Opinion.

Appellant's sole claim on appeal concerned the leagl sifficiency of the evidence.  Thus, it is vital that Appellant, acting PRO SE, have access to the appellate record.  On direct appeal Appellant had retained appellate counsel and the appellate record was "paid" for by Appellant.  As such, appellant counsel was furnished a copy of the appellaate record.  Appellant "owns" that copy of the appellaate record, not counsel, which is keep in Appellant's file held by counsel.  See, State Bar of Texas, Rules of Professional Conduct, Rule 1.15(d).  Appellant is entitled to have counsel give him the file and the appellate record.  See, <u>Maxwell v. Florida</u>, 479 U.S. 972, 93 L.Ed.2d 418, 420 (1986); <u>Spivey v. Zant</u>, 683 F.2d 881, 885 (5th Cir. 1982); <u>In Re George</u>, 28 S.W.3d 511, 516 (Tex.2000).  Appellant's family has made numerous attempts to contact appellate counsel, all to no avail.  Appellant has mailed a letter to counsel requesting the file and the appellate record.  If counsel does not respond, Appellant plans to seek assistance from the State Bar of Texas in obatining his file held by counsel.

There are signficant issues that need to be raised in the PDR, to include,:

GROUND ONE:  BY ITS VERDICT THE JURY REJECTED THAT THE MURDER WAS COMITTED BY APPELLANT IN THE COURSE OF A ROBBERY; THUS, THE COURT OF APPEALS ERRED IN NOT DEFERING TO THAT FINDING OF THE JURY WHEN THE COURT OF APPEALS RELIED UPON APPELLANT'S DEBT AND NEED FOR MONEY AS A "MOTIVE" FOR THE MURDER (IN ORDER TO HOLD THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE CONVICTION).

2

GROUND TWO: THE COURT OF APPEALS ERRED IN FOLLOWING INFERNECES THAT SUPPORTED THE VERDICT WITHOUT FIRST DETERMINING WHETHER THOSE INFERENCES WERE REASONABLE BY CONSIDERING ALL THE EVIDENCE ADMITTED AT TRIAL; SUCH AS, THE STACKED INFERENCES THAT BECAUSE APPELLANT MOVED OUT OF TOWN WHILE THE INVESTIGATION WAS ON GOING MEANT THAT APPELLANT COMMITED THE MURDER, WITHOUT CONSIDERING THAT ONLY MOVED AFTER VOLUNTARILY ASSISTING POLICE AND BEING TOLD HE WAS NOT A SUSPECT, APPELLANT ACTUALLY RETURNED FROM OUT OF TOWN TO ASSIST POLICE, APPELLANT WAS ORIGINALLY FROM OUT OF TOWN, AND THE POLICE KNEW WHERE APPELLANT WAS AT ALL TIMES.

GROUND THREE: THE COURT OF APPEALS FAILED TO CONSIDER THE COMBINED AND CUMULATIVE FORCE OF ALL THE EVIDENCE WHEN, IN ADDITIONA TO NOT REVIEWING ALL THE EVIDENCE ABOUT THE MOVE, THE COURT ALSO DID NOT CONSIDER THAT THE PHYSICAL EVIDENCE SUPPORTED APPELLANT'S STATEMENTS TO POLICE, THAT NO FORENSIC EVIDENCE CONNECTED APPELLANT TO THE MURDER, THAT APPELLANT HAD NO SCATCHES OR WOUNDS ON HIS BODY, THAT AMOUNGST OTHER EVIDENCE NOT SUBBITTED FOR FORENSIC TESTING WAS A HAIR IN A BLODD STAIN AT THE CRIME SCENCE, THAT OTHER ITEMS MISSING FROM THE CRIME SCENCE WERE NEVER CONNECTED TO EVER BEING IN APPELLANT'S POSSESSION, AND THAT THE COMPLAINTANT WAS "JEALOUS" OF ANOTHER SUSPECTS RELATIONSHIP WITH ANOTHER MAN; BASED UPON THE COMBINED AND CUMULATIVE FORCE OF ALL THIS EVIDENCE IT WAS MORE SPECULATIVE THAN INFERENCTIAL FOR THE JURY AND THE COURT OF APPEALS TO CONCLUDE THAT APPELLANT COMMITTED THE MURDER JUST BECAUSE APPELLANT WAS THE LAST PERSON WITH THE COMPLAINTANT, APPELLANT HAD POSSESSION OF THE COMPLAINTANT'S CELLPHONE AFTER THE MURDER AND DISCARDED IT, APPELLANT MOVED AFTER THE MURDER, AND APPELLANT GAVE INCONSISTENT (BUT EXPLAINED) STATEMENTS TO POLICE.

## PRAYER

WHEREFORE, ALL CONSIDERED, PETER PHUC HONG TRAN, the Appellant,

acting PRO SE, PRAYS this Honorable Court GRANT this motion in

ALL things and therein,:

1) ORDER that Rule 9.3(b)(1) be suspended and allow Appellant to file only the one orignal of his PRO SE PDR;

2) ORDER that Rule 68.4(i) be suspended and consider the PDR without a copy of the COA Opinion in an APPENDIX; and,

3) GRANT an extension of time of 90 days, or until December 11, 2015 for Appellant to file his PRO SE PDR; or,

4) IN THE ALTERNATIVE, ORDER Brett Ordiway, Appelant's appellate counsel, to provide Appellant his client file, including the appellant record;

AND; AND ALL OTHER RELIEF THIS COURT FINDS PROPER IN THE INTREST OF JUSTICE.

3

Respectfully Submitted,

x _(signature)_
Peter Phuc Hong Tran
TDCJ No. 1868964
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX   76597

APPELLANT   PRO SE

## VERIFICATION BY INMATE DECLARATION

My name is Peter Phuc Hong Tran, my date of birth is 6/26/84 , and my inmate identifying number, if any, is TDCJ No. 1868964. I am presently incarcerated in the Hughes Unit of TDCJ-CID in Gatesville, Coryell County, Texas, 76597.  I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this the _15th_ day of _September_ , _2015_ .

x _(signature)_
Peter Phuc Hong Tran
Appellant PRO SE

## CERTIFICATE OF SERVICE

I, Peter Phuc Hong Tran, certify that I have caused a copy of this motion to be mailed 1st Class USPS to the Collin County District Attorney and the State Prosecuting Attorney on this the _15th_ day of _September_ , _2015_ .

x _(signature)_
Peter Phuc Hong Tran
Appellant PRO SE

4